**CONTINENTAL CASUALTY CO. v. ROGERS.**

No. 13636.

United States Court of Appeals Fifth Circuit.

March 6, 1952.

Rehearing Denied May 1, 1952.

---

Marian Mayer, New Orleans, La., for appellant.

F. Xavier Mouton, Lafayette, La., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by the appellee for money paid by him to the appellant, allegedly in the form of excessive premiums charged for workmen's compensation insurance. The policy in question was issued on October 1, 1948, effective (due to an oral binder) as of September 28, 1948, which was subsequent to the effective date of Chapter 30 of the Louisiana Insurance Code, Section 30.20, LSA–R.S. 22:1420, of which prohibits the issuance of any policy except in accordance with said chapter.

It is undisputed that the rate charged in this instance was two and one-half times the normal rate, due to an excessive number of accidents that had befallen the insured during a short period under a prior policy of appellant, one of which resulted in a loss to the insurer of $20,000. This led to a threat of ultimate cancellation of the prior policy, and the appellee being unable to obtain compensation insurance elsewhere, the above policy was issued at the rate that is now the subject of this litigation.

The Company claims that pressure was brought to bear upon it to issue the policy, which it was averse to doing; the appellee claims that advantage was taken by his dire necessity, to obtain his consent to the payment of excessive premium rates. He says that illegal premium rates are similar to usurious interest charges, and that the legal consequences should be the same in each instance. The policy carried an endorsement signed by the appellee, wherein he recognized that the rates charged were excessive and agreed to pay them.

Subsequent to the issuance of the policy, and prior to November 26, 1948, the Casualty & Surety Division of the Louisiana Insurance Commission approved the manner in which this policy was issued, basing its approval upon the endorsement signed by the assured in which he agreed to pay the rates named therein. Section 30.10, LSA–R.S. 22:1410, provides for deviations from the regular casualty insurance rates upon written application by the insurer to said Casualty & Surety Division. In the case before us no such application was made prior to the issuance of the policy; but a short time thereafter, upon receipt of a letter from the appellant's agent, the rates were approved by said Division on the ba-

sis of said letter and the signed agreement of the insured.

 With its specialized knowledge of rates, it was for the State's administrative agency to say whether the letter and the agreement were sufficient data to authorize its approval. This approval was made retroactive; and, since rate-making is legislative in character, it was binding on the parties, who not only did not object to the deviation but agreed to it. The evidence shows that it is not unusual for a policy to be issued first and subsequently submitted for approval.

If Section 30.07(g) of the Insurance Code, LSA–R.S. 22:1407(g), applies to the facts here, it is dispositive of this case; but the captioned heading of Section 30.07, of which provision (g) is a part, reads: "Fire, marine and inland marine rate filings". A survey of Chapter 30 of the Insurance Code indicates that the legislature did not restrict the context of each section to a single subject (See Sections 30.04 and 30.10 for example, LSA–R.S. 22:1404, 22:1410); but, in the absence of any state decision on the subject, we pose the question but do not decide it, as it is not necessary to do so in order to dispose of the case. For the reasons first stated, we uphold the deviation from the regular rates in this instance, and the approval of the rates charged. The judgment appealed from is reversed, and judgment rendered here for appellant.

Reversed and rendered.